**Office of Disciplinary Counsel v. Anonymous**

Disciplinary Board Docket no. 77 D.B. 2001.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

BROWN, *Member,* February 3, 2004—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On May 29, 2001, petitioner, Office of Disciplinary Counsel, filed a petition for discipline against respondent, [ ]. The petition charged respondent with violations of the Rules of Disciplinary Enforcement and Rules of Professional Conduct as a result of his failure to comply with a condition attached to an informal admonition.

A disciplinary hearing was held on January 16, 2002, with continued hearings held on June 19, 2002 and September 24, 2002, before Hearing Committee [ ] comprised of Chair [ ], Esquire, Member [ ], Esquire, and

Alternate Member [    ], Esquire. Respondent was represented by [    ], Esquire at the hearings.

The Hearing Committee filed a report on July 28, 2003, and recommended that respondent be suspended for a period of six months, with the suspension stayed in its entirety, and that he be placed on two years of probation.

This matter was adjudicated by the Disciplinary Board at the meeting of August 26, 2003.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, PA 17101, is invested, pursuant to the Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1949 and was admitted to practice law in Pennsylvania in 1982. His registration address is [    ]. He is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(3) In accordance with Rules 208(a)(2) and (3), Pa.R.D.E., it was determined that respondent should receive an informal admonition with an attached condition as a result of misconduct involving a client.

(4) By letter dated February 13, 2001, respondent was directed to appear before Chief Disciplinary Counsel on March 12, 2001, to receive the informal admonition.

(5) The condition of providing the complainant with both an accounting of his time and a refund of any unearned fee was to be satisfied prior to the administration of the informal admonition.

(6) Chief Disciplinary Counsel's notice further informed respondent that, pursuant to Rule 208(a)(6), Pa.R.D.E., respondent had 20 days to demand, as a right, that a formal proceeding be initiated against him and that in the event of such demand, respondent need not appear for the administration of the informal admonition.

(7) On February 16, 2001, Chief Disciplinary Counsel's letter was personally served on respondent.

(8) Respondent did not demand formal proceedings and is conclusively deemed to have violated the Rules of Professional Conduct set forth in the February 13, 2001 letter from Chief Disciplinary Counsel.

(9) On March 12, 2001, the day set for the administration of the informal admonition, respondent appeared as he was previously directed.

(10) Because respondent had not complied with the condition attached to the informal admonition, respondent requested, and Chief Disciplinary Counsel agreed, to postpone the informal admonition for 30 days.

(11) By letter dated March 12, 2001, respondent was directed by Chief Disciplinary Counsel to provide proof of his compliance with the condition within 30 days of the date of the letter.

(12) The letter of March 12, 2001, was sent by regular mail to respondent's attorney registration address and was not returned.

(13) By letter dated April 17, 2001, Chief Disciplinary Counsel informed respondent that, as he had not yet complied with the condition, respondent was being given an additional 20 days from the date of the letter to comply, and if there was no compliance, formal charges would be commenced.

(14) The letter of April 17, 2001, was sent by regular mail and was not returned.

(15) Respondent did not respond to Chief Disciplinary Counsel's April 17, 2001 letter.

(16) Respondent did not refund any money to his client nor did respondent account for his time during the representation so as to justify retention of the funds as payment.

(17) Respondent's client made a claim to the Lawyer's Fund for Client Security. The fund adjudicated the claim and reimbursed the client $3,000, which was the full amount owed.

(18) Respondent subsequently reimbursed the Pennsylvania Lawyer's Fund for Client Security. No additional monies are owed.

(19) Respondent admitted that he ignored his duties to his client, the court and the profession by failing to fulfill the conditions attached to the informal admonition.

(20) Respondent does not have a good recollection of his reasons for failing to respond to Chief Disciplinary

Counsel's letter and failing to fulfill the conditions, other than he put the notices aside and simply did not remember.

(21) Respondent began treating with Dr. [A], a board-certified psychiatrist, in September 2001. He was feeling depressed and was unable to cope with those feelings.

(22) Respondent is currently being treated for depressive illness by Dr. [A].

(23) Respondent's treatment consists of the anti-depressant medication Zoloft, with supporting psychotherapy sessions on a monthly basis.

(24) Respondent had been feeling depressed starting late in 2000. He experienced sadness, emotional distance from his family, lack of pleasure, and suicidal ideation.

(25) Respondent was evaluated by [B] M.D., a board-certified psychiatrist, who by deposition proffered an opinion to the Hearing Committee.

(26) Dr. [B] opined that respondent developed symptoms of a major depressive disorder late in the year 2000.

(27) Dr. [B] further opined that respondent's depressive state was a significant contributing factor to his misconduct in 2001.

(28) Dr. [B] did admit on cross-examination that the degree of respondent's non-responsiveness to disciplinary proceedings was extreme. He stated that, in his opinion, while depression is associated with a lack of motivation or interest, the extent of respondent's reluctance to participate in a serious set of charges and hearings was extreme.

(29) Dr. [B] further admitted on cross-examination that he was unaware of respondent's prior disciplinary history, most notably the failure to appear at a private reprimand, which resulted in a public censure in 1990.

(30) Dr. [B] opined that respondent needs to continue with his treatment program and that he would benefit from having someone monitor his ongoing treatment, but his overall prognosis is positive.

(31) Respondent is currently employed as a supervisor in the [   ] County Public Defender's Office. In that capacity, he makes case assignments, evaluates attorneys and performs file reviews.

(32) Respondent does not represent private clients.

(33) Respondent has a prior disciplinary history consisting of an informal admonition in 1986 and a public censure in 1990.

(34) The public censure occurred as a result of respondent's non-appearance before the Disciplinary Board after being ordered to appear for a private reprimand.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Disciplinary Enforcement and Rules of Professional Conduct:

(1) Pa.R.D.E. 203(b)(2)—Willful failure to appear before Disciplinary Counsel for informal admonition.

(2) Pa.R.D.E. 204(b)—Failure to comply with conditions attached to an informal admonition shall be grounds for reconsideration of the matter and prosecution of formal charges.

(3) R.P.C. 8.4(d)—It is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice.

In addition to the foregoing violations resulting from respondent's failure to comply with conditions attached to an informal admonition, he is conclusively deemed to have violated the following Rules of Professional Conduct as a result of the underlying misconduct:

(4) R.P.C. 1.4(a)—A lawyer shall keep a client informed about the status of a matter and promptly comply with reasonable requests for information.

(5) R.P.C. 1.4(b)—A lawyer shall explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation.

(6) R.P.C. 1.16(d)—Upon termination of the representation a lawyer shall take steps to the extent reasonably practicable to protect a client's interests.

(7) The board further finds that respondent did not meet his burden of proof pursuant to *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 533 A.2d 894 (1989), that his depression was a substantial factor in causing his misconduct.

## IV. DISCUSSION

This matter is before the board on a petition for discipline charging respondent with violations of the Rules of Disciplinary Enforcement and Rules of Professional Conduct as a result of his failure to fulfill a condition attached to an informal admonition.

The parties reached a stipulation concerning the facts of the matter and agreed that respondent violated the rules charged in the petition for discipline as a result of his noncompliance with the condition attached to the informal admonition.

Under the existing law, when an attorney fails to appear for an informal admonition, private reprimand or public censure, the sanction imposed to address that failure is oftentimes an increase to the next level of discipline. *In re Anonymous No. 27 D.B. 1998,* no. 503 disciplinary docket no. 3 (Pa. Feb. 14, 2000); *In re Anonymous No. 122 D.B. 1995,* no. 403 disciplinary docket no. 3 (Pa. April 20, 1998). In this matter, respondent has a prior history of discipline consisting of a public censure and an informal admonition. The public censure is particularly noteworthy as it resulted from respondent's failure to appear before the Disciplinary Board for the administration of a private reprimand. The instant matter marks the second time that respondent has failed to appear for private discipline. As a consequence of his prior history, the board is persuaded that more private discipline will do little to impress upon respondent the seriousness of his actions.

Before the board can make a recommendation of discipline, however, it must address the mitigation raised by respondent. Respondent raised the issue of a psychological disorder which may have contributed to his failure to comply with the condition attached to the informal admonition. In support of his claim that he suffered from depression which caused his misconduct, respondent introduced the deposition testimony of [B] M.D., a board-certified psychiatrist. Dr. [B] met with respondent

for several hours on March 4, 2002. He also examined the treatment notes of Dr. [A], respondent's treating psychiatrist, from September 2001 to March 2002, and the letter sent by Dr. [A] to respondent's counsel regarding treatment. Based on his review, Dr. [B] opined that respondent was suffering from a depressive illness starting in approximately late 2000, and this depressive illness was a significant contributing factor to respondent's difficulty responding to the Disciplinary Board. However, Dr. [B] further testified that, while depression is associated with lack of motivation and interest, the extent of respondent's reluctance to participate in the serious charges against him was somewhat extreme. Dr. [B] was unaware of respondent's previous encounters with the disciplinary system, including respondent's failure to appear for a private reprimand in 1990, which resulted in a public censure.

Dr. [B] offered his opinion on respondent's prognosis, concluding that, as long as he continues with his treatment program, he is competent to practice law. Dr. [B] suggested that respondent would benefit from a monitor for his situation.

After review of the expert testimony, the board concludes that respondent did not meet his burden under *Office of Disciplinary Counsel v. Braun.* While Dr. [B] initially made a connection between the depressive disorder and the misconduct, this testimony was weakened on cross-examination when he admitted that respondent's actions were extreme, even considering that respondent was in a depressed state. Additionally, Dr. [B's] lack of knowledge concerning respondent's prior history of discipline in general weakens his conclusions

regarding his current misconduct, as it is clear Dr. [B] did not have a full case history of respondent before him.

Although the board does not accept Dr. [B's] testimony to mitigate the type of discipline to be imposed on respondent, this testimony should be afforded due consideration as regards respondent's current competence to practice law. Respondent received a positive prognosis from Dr. [B], and the record reveals that respondent is committed to his treatment program. Respondent is employed in a supervisory position and does not actively practice law or represent clients. The board perceives that respondent is not a threat to the public or to the legal community, and so a complete loss of license is not warranted. The board recommends that respondent be suspended for a period of six months, with the suspension stayed in its entirety and respondent placed on probation for a period of two years. This period of probation would, of necessity, entail conditions, such as a mental health monitor, to ensure respondent's compliance with his medical treatment. In this way, respondent is able to maintain his legal employment with the knowledge that, if he violates his probation, he will be placed on suspension for six months.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [    ], be suspended from the practice of law for a period of six months; that the suspension be stayed in its entirety; and

that respondent be placed on probation for a period of two years, subject to the following conditions:

(1) Respondent shall comply with all terms of the treatment plan as directed by [A] M.D.

(2) Respondent shall select a mental health monitor subject to the approval of the Office of Disciplinary Counsel.

(3) Respondent shall provide physician's reports verifying the above counseling and treatment to the mental health monitor.

(4) Respondent shall furnish his mental health monitor with his treating physician's name, address and telephone number.

(5) Respondent shall cooperate fully with his mental health monitor.

(6) The mental health monitor shall do the following during the period of respondent's probation:

(a) Meet with respondent at least monthly and review all physician's reports to ensure that respondent is meeting the counseling and treatment conditions referenced above in (2);

(b) Maintain weekly telephone contact with respondent;

(c) Assist respondent in arranging any necessary professional mental health treatment;

(d) File with the executive director and secretary of the board quarterly written reports that the conditions referenced above have been met; and

(e) Immediately report to the executive director and secretary of the board any violation by respondent of the terms and conditions of probation.

(7) If at any time during the course of his probation respondent resumes the active practice of law or represents private clients, he shall immediately advise the executive director and secretary of the board so that the board can impose any additional conditions deemed appropriate by the board.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

## ORDER

And now, April 20, 2004, upon consideration of the report and recommendations of the Disciplinary Board dated February 3, 2004, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of six months; that the suspension be stayed in its entirety and that he be placed on probation for a period of two years, subject to the following conditions:

(1) Respondent shall comply with all terms of the treatment plan as directed by [A] M.D.

(2) Respondent shall select a mental health monitor subject to the approval of the Office of Disciplinary Counsel.

(3) Respondent shall provide physician's reports verifying the above counseling and treatment to the mental health monitor.

(4) Respondent shall furnish his mental health monitor with his treating physician's name, address and telephone number.

(5) Respondent shall cooperate fully with his mental health monitor.

(6) The mental health monitor shall do the following during the period of respondent's probation:

(a) Meet with respondent at least monthly and review all physician's reports to ensure that respondent is meeting the counseling and treatment conditions referenced above;

(b) Maintain weekly telephone contact with respondent;

(c) Assist respondent in arranging any necessary professional mental health treatment;

(d) File with the executive director and secretary of the board quarterly written reports that the conditions referenced above have been met; and

(e) Immediately report to the executive director and secretary of the board any violation by respondent of the terms and conditions of probation.

(7) If at any time during the course of his probation respondent resumes the active practice of law or represents private clients, he shall immediately advise the executive director and secretary of the board so that the board can impose any additional conditions deemed appropriate by the board.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.